UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-0252 (WMW/HB) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| Ramon Diego Pacheco (5), | |
| Defendant. | |

This matter is before the Court on several motions in limine by Plaintiff United States of America and Defendant Ramon Diego Pacheco. (Dkts. 278, 281, 282, 283.) For the reasons addressed below, the motions are granted in part and denied in part.

A grand jury returned an indictment in this case on November 4, 2020, charging Pacheco with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 846. The grand jury returned a superseding indictment on March 16, 2021, alleging the same offense. The superseding indictment alleges that the conspiracy involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The jury trial in this case is scheduled to commence on April 25, 2022.

I.  **Cross-Motions as to Prior-Bad-Act Evidence**

Pacheco and the United States cross-move for an order addressing the admissibility of evidence pursuant to Federal Rule of Evidence 404(b). Pacheco seeks exclusion of evidence of his 2018 conviction of possession of methamphetamine, and the

United States seeks admission of this evidence. Pacheco argues that the 2018 conviction is inadmissible propensity evidence. The United States contends that the evidence is admissible for the purpose of showing Pacheco's "knowledge of and intent to conspire to distribute methamphetamine."

Rule 404(b) prohibits the introduction of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, such evidence must "(1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs" the probative value of the evidence. *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006) (internal quotation marks omitted). Because Rule 404(b) is a rule of inclusion, evidence offered for a permissible purpose "is presumed admissible absent a contrary determination." *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017) (internal quotation marks omitted). The parties dispute factors one and two.

A. **Relevance to a Material Issue**

The United States asserts that evidence of Pacheco's 2018 conviction is admissible to prove knowledge and intent, both of which are permissible purposes under Rule 404(b). When either the knowing possession of drugs or the intent to distribute drugs is an

element of the charged offense, the defendant places his state of mind at issue when offering a general denial of the charge. *United States v. Armstrong*, 782 F.3d 1028, 1034 (8th Cir. 2015). And "evidence of prior drug dealings is relevant to the material issue of whether [the defendant] had the requisite intent to enter into a conspiracy." *United States v. Jackson*, 856 F.3d 1187, 1191 (8th Cir. 2017) (internal quotation marks and alterations omitted); *see also United States v. Ziesman*, 409 F.3d 941, 952 (8th Cir. 2005) ("It is well-established that evidence of past drug involvement can be relevant to establish knowledge and intent for newly charged drug offenses.").

As Pacheco is charged with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, the United States must prove beyond a reasonable doubt that Pacheco voluntarily and intentionally joined in the agreement or understanding to distribute methamphetamine. For that reason, evidence that Pacheco acted with knowledge and intent to commit the charged offense is relevant to a material issue. *See Johnson*, 439 F.3d at 953 (affirming admission of testimony about defendant's prior drug dealing because it was probative of knowledge and intent). The United States argues that the amount of methamphetamine Pacheco was previously convicted of possessing—44 grams—is a distributable amount that is probative of Pacheco's intent to distribute in this case. But Pacheco was not convicted of possession with intent to distribute in 2018. Accordingly, Pacheco's intent to *possess* methamphetamine in the past is not relevant to the material issue of whether he intentionally joined a conspiracy to *distribute* methamphetamine in this case.

The United States also argues that Pacheco's 2018 conviction is probative of Pacheco's knowledge, plan, and preparation because, after being convicted of possessing methamphetamine in 2018, Pacheco allegedly employed a drug runner to transport methamphetamine in this case. The Court agrees. Evidence that Pacheco departed from his earlier practice could show knowledge, plan, and preparation as to the alleged conspiracy in this case.

Accordingly, Pacheco's 2018 conviction is relevant to a material issue.

### B. Similarity in Kind

The parties dispute whether the 2018 conviction and the offense at issue here are similar in kind. Pacheco argues that his 2018 conviction related to the possession of a much smaller amount of methamphetamine than the amount at issue in this case. The United States contends that the 2018 conviction involved a distributable amount of methamphetamine and is, therefore, similar in kind to the charged offense.

"Past bad acts need not be duplicates of the charged crime for evidence of them to be admissible under 404(b). They need only be sufficiently similar . . . to support whatever permissible inference makes the evidence relevant." *United States v. Green-Bowman*, 816 F.3d 958, 963 (8th Cir. 2016) (internal citations and quotation marks omitted). Although the 2018 conviction involved a smaller amount of methamphetamine, the conviction involved an arguably distributable amount of the same drug at issue in this case. And Pacheco's 2018 conviction of possessing methamphetamine occurred *after* he allegedly became involved in the conspiracy at issue in this case. For these reasons, the

4

prior conviction is sufficiently similar to the charged offense so as to be probative of Pacheco's knowledge in this case.

Accordingly, the United States's motion to admit evidence of Pacheco's 2018 conviction is granted and Pacheco's motion to exclude this evidence is denied.

## II. The United States's Remaining Motions in Limine

### A. Potential Punishment

The United States moves to preclude Pacheco from referring to any potential punishment that he might face if convicted. Pacheco does not oppose this motion. Because any punishment attributable to an offense has no bearing on whether the United States has proven the elements of that offense beyond a reasonable doubt, potential punishment is not relevant evidence and, therefore, is inadmissible. *See* Fed. R. Evid. 401, 402. This motion is granted.

### B. Sequestration of Witnesses

The United States moves for an order requiring the sequestration of all potential witnesses except the United States's case agent [1] and Pacheco's investigator or investigators. Pacheco does not oppose the sequestration of witnesses but disagrees that an exception should be made for case agents or investigators. Pacheco requests that, if

---

[1] At the pretrial hearing, the United States represented that it does not seek to have both of its case agents present during the entire trial. Instead, it requests that Drug Enforcement Administration Task Force Officer Ryan Googins be present at counsel table as a representative of the government. And the United States seeks permission to allow Drug Enforcement Administration Task Force Officer Tony Holter to be present at counsel table following his testimony.

the United States wishes to have a case representative at counsel table during trial, that agent should either be sequestered until testifying or be a non-testifying agent.[2]

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Employees designated as representatives of an entity party are exempt from the sequestration rule, however. Fed. R. Evid. 615(b). This exemption permits government case agents to sit at counsel table throughout a criminal trial, even when a government case agent is a testifying witness. *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999).

Accordingly, the Court grants this motion and orders that all witnesses other than the United States's designated representative, Drug Enforcement Administration Task Force Officer Ryan Googins, shall be excluded from the courtroom once trial begins. After Drug Enforcement Administration Task Force Officer Tony Holter testifies, he also may sit at counsel table. Counsel for both parties shall advise prospective witnesses of this ruling to ensure compliance with the Court's sequestration order.

### C. Defendant's Self-Serving Hearsay Statements

The United States moves for an order precluding Pacheco from offering into evidence his own self-serving hearsay. Pacheco does not oppose this motion. A criminal defendant's prior out-of-court exculpatory statements are hearsay if they are merely consistent with the defendant's plea of not guilty. *See United States v. Waters*, 194 F.3d 926, 930–31 (8th Cir. 1999) (holding that the district court did not err by refusing to

---

[2] Pacheco also cursorily objects to exempting from sequestration his own investigator but represented at the pretrial hearing that he will not have an investigator present at counsel table.

6

admit evidence of the defendant's prior statements consistent with plea of not guilty); *United States v. Chard*, 115 F.3d 631, 634–35 (8th Cir. 1997) (same). Here, however, the United States has not identified any self-serving hearsay that exists and that Pacheco might offer into evidence, and the Court declines to issue an advisory opinion. Accordingly, the United States's motion is denied without prejudice as premature.

### D. Evidence of Lawfulness or Good Conduct

The United States moves for an order precluding Pacheco or his counsel from presenting any evidence of lawfulness or good conduct, except evidence offered in accordance with the limitations of Federal Rules of Evidence 404(a) and 405(a). Pacheco does not oppose this motion. Pacheco has indicated that he does not intend to introduce improper evidence. The Court expects and presumes that both parties will abide by the Federal Rules of Evidence and that neither party will attempt to introduce improper evidence. Because there is no dispute to resolve at this time, the United States's motion is denied as moot.

### III. Pacheco's Motions in Limine

#### A. Unnoticed 404(b) Evidence

Pacheco moves to exclude unnoticed Rule 404(b) evidence. In particular, Pacheco seeks to exclude a statement made by one of the United States's cooperating witnesses, who stated at a proffer session that he and Pacheco have been friends since age 13 and "had been selling drugs together since 'day one' of their friendship."[3] The United States

---

[3] Pacheco represents that other cooperating witnesses' statements also refer to Pacheco's alleged prior bad acts. But Pacheco does not identify any specific testimony he seeks to exclude. The doctrine of judicial ripeness "safeguards against judicial review

7

represents that it will not elicit direct testimony that Pacheco and the cooperating witness sold drugs together as teenagers. As there is no dispute to resolve at this time, Pacheco's motion is denied as moot.

      **B.    Use of the *Bell* Procedure**

Pacheco moves for the use of the *Bell* procedure to address the admissibility and use of co-conspirator statements at trial.

In *United States v. Bell*, the United States Court of Appeals for the Eighth Circuit established a procedure to address the admissibility and use of co-conspirator statements at trial. 573 F.2d 1040, 1044 (8th Cir. 1978). The procedure provides that the district court, after an objection to an out-of-court declaration of an alleged co-conspirator, may first conditionally admit the statement. *Id.* The district court, on the record, should then caution the parties that (a) the statement is being admitted subject to the defendant's objection; (b) the United States will be required to prove by a preponderance of the independent evidence that the statement was made by a co-conspirator during the course and in furtherance of the conspiracy; (c) at the conclusion of all the evidence the court will make an explicit finding for the record regarding the admissibility of the statement; and (d) if the court determines that the government has failed to establish the statement's admissibility by a preponderance of the independent evidence, the court will, after an appropriate motion, declare a mistrial unless a cautionary instruction to the jury would

---

of hypothetical or speculative disagreements." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000). Here, the Court is left to speculate as to the nature of any specific testimony that *may* be introduced. Because this issue is not ripe for a decision by the Court, Pacheco's motion is denied as premature as to the statements of other cooperating witnesses.

suffice to cure any prejudice. *Id.* After a ruling on the record that the out-of-court declaration is admissible, the court may submit the case to the jury. *Id.*

The United States agrees that *Bell* provides the appropriate procedure for admitting co-conspirator statements made in furtherance of the conspiracy. But the United States represents that the procedure may not be necessary in this case in light of the nature of the evidence the United States intends to offer at trial. Because there is no dispute to resolve at this time, Pacheco's motion for the use of the *Bell* procedure is denied without prejudice as premature.

    C.    **Rule 403 Evidence**

At the pretrial hearing, Pacheco moved to exclude a portion of a call between Pacheco and one of his co-defendants. The United States represents that during the call, Pacheco said, "I know how it works. You know I've been [expletive] with you two forever, since the *Scarface* days." Pacheco seeks to exclude the reference to "*Scarface*[4] days."

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Pacheco argues that the reference to *Scarface* is unfairly prejudicial because it is an inflammatory reference without any probative

---

[4]    The Court takes judicial notice of the fact that *Scarface* is a film released in 1983 that depicts illegal drug-dealing and violence.

value. The United States contends that the reference is probative because it provides context for the rest of Pacheco's statement.[5]

Pacheco references *Scarface* as a characterization of his prior activities with the co-defendant to whom he is speaking. Such a characterization is relevant to provide context for the rest of the sentence and is probative of Pacheco's intent to join a drug-trafficking conspiracy. Although the reference is prejudicial, it is not unfairly so. The danger of unfair prejudice does not substantially outweigh the probative value of this relevant evidence. Pacheco's motion to exclude the reference to "*Scarface* days" is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff United States's motions in limine, (Dkt. 278), are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The United States's motion to introduce evidence of Pacheco's 2018 conviction is **GRANTED**.

    b. The United States's motion to preclude any mention of punishment is **GRANTED**.

    c. The United States's motion for sequestration is **GRANTED**.

---

[5] The United States also argues that the reference is relevant to establish the relevant time period and to provide context for the rest of the sentence. *Scarface* was released in 1983, when Pacheco was four years old. Accordingly, the United States's argument that the reference establishes the relevant timeframe is unavailing.

   d. The United States's motion to preclude any self-serving hearsay statements by the Defendant is **DENIED WITHOUT PREJUDICE**.

   e. The United States's motion to preclude any evidence of lawfulness or good conduct is **DENIED AS MOOT**.

  2. Defendant Ramon Diego Pacheco's motion in limine to exclude Rule 404(b) evidence, (Dkt. 281), is **DENIED**.

  3. Defendant Ramon Diego Pacheco's motion in limine to exclude unnoticed Rule 404(b) evidence, (Dkt. 282), is **DENIED AS MOOT**.

  4. Defendant Ramon Diego Pacheco's motion in limine for use of the *Bell* procedure, (Dkt. 283), is **DENIED WITHOUT PREJUDICE**.

  5. Defendant Ramon Diego Pacheco's oral motion in limine to exclude reference to "*Scarface* days" is **DENIED**.

Dated:  April 21, 2022           s/Wilhelmina M. Wright
                      Wilhelmina M. Wright
                      United States District Judge